UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Sturm, Ruger & Co., Inc., <br><br> Plaintiff, <br><br> v. <br><br> Kidd Innovative Design, <br><br> Defendant | Civil Action No. _____ |

## COMPLAINT

Plaintiff, Sturm, Ruger & Co., Inc. (hereinafter referred to as "Ruger"), alleges as follows:

### NATURE OF THE CASE

1. Ruger seeks injunctive relief and damages for acts of trademark infringement, unfair competition, and deceptive trade practices by the defendant in violation of the laws of the United States and the State of New Hampshire.

### THE PARTIES

2. Ruger is a corporation, organized and existing under the laws of the State of Delaware, with its main corporate offices located at 1 Lacey Place, Southport, Connecticut 06890.  Ruger is a leading manufacturer of firearms in the United States with product distribution throughout the world.  Ruger manufactures firearms in all four key categories, including rifles, pistols, revolvers and shotguns.  Ruger manufactures, and for many years has manufactured, its popular 10/22® rifle at its manufacturing facility located in Newport, New Hampshire.

3. Defendant, Kidd Innovative Design ("Kidd"), is a corporation, organized and existing under the laws of the State of Texas, with its main corporate

offices located at 2633 Terminal Loop Road, McQueeney, Texas 78123.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Lanham Act), 15 U.S.C. §1125(a) (unfair competition under the Lanham Act), 28 U.S.C. §1331 (actions arising under the laws of the United States), 28 U.S.C. §1332(a) (diversity of citizenship between the parties), and 28 U.S.C. §1338(a) (actions arising under an Act of Congress relating to trademarks).  This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. §1367(a).

5.      This Court has personal jurisdiction over Kidd because Kidd's entire business is premised on selling modified and replacement parts for the Ruger 10/22® rifle.  Kidd offers its parts for sale both on its own websites, as well as on Amazon.com and other retail outlets.  Kidd's websites – www.coolguyguns.com and www.kiddinnovativedesign.com – are accessible 24 hours a day by New Hampshire residents.  Both are interactive sites that permit New Hampshire residents to place orders and email the company.

6.      Because the Ruger 10/22® rifle is manufactured exclusively in New Hampshire, Kidd's actions in using (and misusing) the 10/22® name and mark are directly related to New Hampshire, and Ruger suffers harm to its intellectual property in this state.  For these same reasons, Kidd has purposefully and voluntarily directed its activities toward New Hampshire and could reasonably anticipate being haled into court here.

7.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §1391(b) and (c) because the firearm at issue is *only* manufactured by Ruger in the State of New Hampshire.  Damages from defendant's trademark infringement

are suffered by Ruger in the State of New Hampshire, and the bulk of Ruger's witnesses are located within the State of New Hampshire. Moreover, Ruger is the largest employer in Sullivan County and the State of New Hampshire has an interest in protecting the intellectual property rights of its residents.

## FACTS COMMON TO ALL COUNTS

8. In the early 1960's, William B. Ruger, Sr., in collaboration with Harry Sefried and Doug McClenahan, developed the 10/22® carbine autoloading rifle (the "10/22").[1] The 10/22 was formally launched in 1964 and, since then, the 10/22 has become one of the most popular .22 caliber long rifles in firearms history. Ruger has sold millions of 10/22s worldwide and its popularity is evidenced by the fact that, in 2014 – the 50th anniversary of the rifle – it remains one of the most popular firearms in the Ruger lineup. As one commenter explains:

> Ever since the advent of the .22 [long rifle] cartridge in 1887, it has been a rite of passage for many "good (and responsible) little boys" to receive a rifle chambered in such for Christmas. In the past, those rifles have included the Stevens No. 141/2 Little Scout single-shot, Winchester 1890 pump and Remington Model 511 Scoremaster bolt-action. But beginning in 1964, the enticingly long, brightly wrapped package under the tree was likely to contain a Ruger 10/22, which eventually became one of the most popular .22 semi-autos in firearm history.[2]

9. The popularity of Ruger's 10/22 has generated an aftermarket for components that fit the 10/22 – e.g. triggers, barrels, stocks, receivers, etc. Defendant Kidd sells aftermarket products that allow customers to customize their

---

[1] An autoloading (or semi-automatic) rife is a rifle that fires a single round each time the trigger is pulled, uses gas, blowback, or recoil to eject the spent cartridge after the round has traveled down the barrel, chambers a new cartridge from its magazine, and resets the action; enabling another round to be fired once the trigger is released and pulled again.

[2] Rick Hacker, Ruger 10/22 A Look At the History of One of the Most Popular Rimfire Rifles Ever Produced, Shooting Illustrated (Feb. 24, 2012) http://www.shootingillustrated.com/index.php/22082/ruger-1022/.

Ruger 10/22. Kidd uses Ruger's federally registered trademarks: "RUGER" and "10/22" in the marketing and sale of Kidd products.

## RUGER'S TRADEMARK RIGHTS

10. Ruger is a leader in firearms sales in the United States and around the world. Ruger holds several incontestable and famous federally registered trademarks for "RUGER" and "10/22" in relation to firearms.

11. Relevant to this Complaint, Ruger owns Trademark Reg. Nos. 618,055 & 3,068,338 for the word mark "RUGER" in international class (IC) 013 for firearms. Ruger has been using the RUGER mark in relation to firearms since October 7, 1949.

12. On October 1, 1974, Ruger obtained a trademark registration (Reg. No. 994,520) for "10/22" in IC 013 for its .22 caliber rifle. Ruger began using this particular mark in commerce as early as July 2, 1964.

13. In the intervening years, Ruger has made continuous and extensive use of the "Ruger®" and the "10/22®" marks in connection with the marketing and sale of 10/22 rifles and related accessories.

## KIDD'S TRADEMARK INFRINGEMENT

14. Upon information and belief, in the year 2000, Kidd began marketing and selling aftermarket trigger assemblies for Ruger's 10/22 rifle.

15. In recent years, Kidd expanded from trigger assemblies into selling barrels, bolts, receivers, and even rifles.

16. For most of Kidd's product categories, Ruger's registered trademark 10/22® is incorporated into the name of Kidd's products. Thus, Kidd advertises "10-

22 KIDD Triggers," "10-22 KIDD Barrels," and "10-22 KIDD Bolts."[3] No attribution or acknowledgement of Ruger's ownership of these marks is made.

17. For other categories, Kidd uses the marks "Ruger" and "10/22" both without attribution and in a manner that suggests sponsorship, approval, or that a product is jointly designed. Thus, Kidd advertises a "KIDD Ruger 10-22 Receiver Rear Tang."

18. Kidd also uses the word "Ruger" by itself, absent a combination with "Kidd," in ways that suggest that the parts are made, or at the very least sponsored, by Ruger. At this page: http://www.coolguyguns.com/Ruger-10-22-Match-Bull-Barrel_p_27.html, for example, Kidd advertises a "Ruger 10-22 Match Bull Barrel." At this page: http://www.coolguyguns.com/Classic-Ruger-10-22-Barreled-Action-with-options_p_67.html - it advertises a "Classic Ruger 10-22 Barreled Action."

19. Kidd also manufacturers and markets its own rifle, which it refers to variously as the "KIDD 1022 Rifle" and the "10-22 Kidd Rifle."

20. Kidd does not make any effort to identify "Ruger" and "10/22" as trademarks owned by Ruger, either through use of the ® symbol or through a text disclaimer or acknowledgment.[4] To the contrary, in the "Copyright and Trademark Notice" on the site's "Terms and Conditions" page, Kidd claims that: "Unless otherwise specified, all materials appearing on this site, including the text, site design, logos, graphics, icons, and images, as well as the selection, assembly and arrangement thereof, are the sole property of this Store." *See* http://www.coolguyguns.com/-iTerms-Conditions-i_ep_2-1.html.

---

[3] Kidd refers to Ruger's rifle as the "1022" and/or the "10-22." Although the punctuation differs slightly, both marks are functionally identical, and are certainly confusingly similar, to Ruger's registered mark "10/22."

[4] Ruger is not taking the position that a disclaimer or acknowledgement alone would necessarily rectify Kidd's trademark infringement.

21. Ruger has made numerous efforts to apprise Kidd of its infringing activities. Most recently, it sent letters dated February 18, 2014 and April 21, 2014. (True and correct copies of these letters are attached hereto as Exhibits A and B.) These letters requested, among other relief, that Kidd limit use of Ruger's marks to nominative fair use, using only so much of the mark as is necessary to identify a Ruger product, and that Kidd properly acknowledge Ruger's federal trademarks by using the ® whenever a registered Ruger mark was used. The letters also requested that Kidd stop any use of Ruger's marks that might suggest to customers that Kidd's products are connected with or licensed or approved by Ruger.

22. Kidd has never responded to these requests. Nor has it adjusted any of its website or advertising materials.

## Count One – Trademark Infringement
## 15 U.S.C. §1114(1); Section 32 Lanham Act

23. Ruger realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 23 of this Complaint.

24. The "Ruger" and "10/22" marks can, in theory, be used legitimately and without infringement by manufacturers of after-market parts to identify Ruger's products. This site, for example, http://www.1022fungun.com/store/pc/home.asp, sells a variety of 10/22® modifications, but it includes the "®" emblem for both "Ruger" and "10/22." And it acknowledges that "Ruger®, Charger®, and 1022® are Registered Trademarks of Sturm, Ruger Co."

25. That is not what Kidd is doing. Kidd's uses of Ruger's marks do not acknowledge Ruger's ownership of the marks (or the fact that they are federally registered), and they create a substantial risk that consumers will believe that Ruger is affiliated with Kidd, and/or that Kidd's products are endorsed or officially sanctioned by Ruger. Accordingly, Kidd's use of the "Ruger" and "10/22" marks in connection with Kidd's own after-market products infringes on Ruger's trademarks.

26.     Kidd's use of Ruger's "10/22" mark to refer to Kidd's own .22 caliber long rifle stands in a somewhat different posture.  Kidd's rifle is not an aftermarket part for a Ruger weapon.  It is a stand-alone product that directly competes with Ruger's 10/22 rifle.  Using a competitor's trademark for one's own competing product is the paradigmatic example of trademark infringement.  Kidd's use of the "10/22" mark for its .22 caliber rifle creates a substantial likelihood that customers will believe that Kidd's weapon is officially licensed or sanctioned by Ruger.

27.     Kidd's infringement of Ruger's marks is depriving Ruger of its exclusive right to control, and benefit from, its trademarks.  Kidd's use of the Ruger marks in connection with the advertising, sale, and distribution of its products is without Ruger's permission or authority and is likely to cause confusion, to cause mistake, and to deceive, all to the detriment of Ruger and its customers.

28.     Kidd's infringing use of Ruger's mark is willful and intentional, as it has disregarded repeated requests from Ruger to cease its infringing activities.  Accordingly, Ruger is entitled to a judgment of three times its damages and Kidd's ill-gotten profits, together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

29.     Ruger has been, and continues to be, damaged by Kidd's activities and conduct.  Kidd has profited thereby and unless its conduct is enjoined, Ruger's reputation and goodwill will continue to suffer irreparable harm that cannot be adequately calculated or compensated by money damages.  Ruger is accordingly entitled to injunctive relief pursuant to 15 U.S.C. §116(a).

### Count II
### Unfair Competition
### (15 U.S.C. §1125(a))

30.     Ruger realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 29 of this Complaint.

31. Kidd's use of Ruger's marks, both in connection with its after-market parts and with its rifle, is without Ruger's consent or authorization. Indeed, Kidd's use is expressly contrary to Ruger's repeated requests to cease and desist.

32. Kidd's use of Ruger's marks in connection with its own goods is likely to cause, and is causing, confusion, mistake, and deception among the general public as to the origin of the goods and services, or as to whether Kidd is sponsored by, affiliated with, or otherwise connected to Ruger in violation of 15. U.S.C. §1125(a).

33. Kidd's unfair competition has caused damage to Ruger. Because Kidd's misuse of Ruger's marks is intentional and knowing, Ruger is entitled to a judgment of three times its damages and Kidd's ill-gotten profits, together with reasonable attorneys' fees under Subsection 1117(a) of the statute. Ruger is also entitled to injunctive relief to halt Kidd's use of Ruger's marks to compete unfairly under subsection 1116(a).

## Count III
## Consumer Protection Act (RSA 358-A, et seq.)

34. Ruger realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 33 of this Complaint.

35. Kidd has engaged in conduct that creates confusion and misunderstanding among the purchasing public. These acts constitute unfair and deceptive acts or practices in the conduct of trade or commerce within New Hampshire under the Consumer Protection Act pursuant to RSA 358-A:2.

36. Ruger seeks its actual damages as a result of Kidd's violation of RSA 358-A, *et seq.*, costs of the suit, and reasonable attorneys' fees. Furthermore, since Kidd's conduct amounts to a "willful and knowing" violation of the Consumer Protection Act under RSA 358-A:10, Ruger is also entitled to double or treble

damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. That Kidd, its corporate officers, agents, servants, employees, assigns and attorneys, and those persons in active concert with Kidd, be preliminarily and permanently enjoined and restrained:

1. From using Ruger's trademarks, including "Ruger" and "10/22" in connection with the advertising, promotion, offering for sale or sale of any Kidd after-market product intended for use with a Ruger 10/22 rifle without making proper attribution and acknowledgement of Ruger's ownership of these federally registered marks;

2. From using in any manner Ruger's trademarks, including "Ruger" and "10/22," in connection with the promotion, advertising, marketing, distribution or sale of any products not associated with Ruger, including but not limited to the Kidd 1022 rifle;

3. From using any derivation of Ruger's trademarks, including (but not limited to) "10-22" and "1022" in connection with the advertising, promotion, offering for sale or sale of any Kidd after-market product intended for use with a Ruger 10/22 rifle or sale of any products not associated with Ruger, including but not limited to the Kidd 1022 rifle.

B. That Kidd be ordered to turn over to Ruger for destruction all products, signs, prints, print material, advertisements, product packaging and other representations in its possession, custody or control bearing Ruger's trademarks,

including "Ruger," and "10/22," and to destroy, or remove all other uses or designations that are confusingly similar to Ruger's marks.

    C.    That Kidd be directed to file with the Court and serve on Ruger, no later than thirty (30) days after issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which Kidd has complied with the injunction.

    D.    That an accounting be conducted and judgment be rendered against Kidd for all profits received by Kidd, directly or indirectly, from its sales of any product(s) for which Ruger's trademarks were either used without proper attribution or used on directly competitive products, all damages sustained by Ruger because of Kidd's trademark infringement, unfair competition, and injury to Ruger's business reputation and goodwill, and Kidd's deceptive trade practices and unfair competition as cognizable under New Hampshire law.

    E.    That the actual damages assessed against Kidd be enhanced as provided by 15 U.S.C. § 1117, as well as double or treble damages as permitted under New Hampshire law.

    F.    That Kidd be required to pay to Ruger monetary damages to be used for corrective advertising to be conducted by Ruger.

    G.    That Ruger be entitled to recover its costs associated with this lawsuit including, but not limited to, reasonable attorneys' fees and expenses.

    H.    For such other and further relief as this Court deems just and appropriate.

                                                              Respectfully submitted,

                                                              **ORR & RENO, P.A.**

Dated: September 23, 2014        By:  /s/ James F. Laboe
                                                                James F. Laboe (N.H. Bar No. 14571)
                                                               P.O. Box 3550
                                                              Concord, New Hampshire 03302-3550
                                                              Telephone:  (603) 224-2381
                                                              Facsimile:  (603) 223-2318

                                                              *Attorneys for Plaintiff*
                                                              *Sturm, Ruger & Co., Inc.*

1202860